UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES E. MAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-cv–01247 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| RUTHERFORD COUNTY | ) | |
| ADULT DETENTION CENTER | ) | |
| and ROBERT ARNOLD, Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

The plaintiff, an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, has filed a *pro se* complaint alleging civil rights violations under 42 U.S.C. § 1983. (Docket No. 1). The plaintiff has not paid the required civil filing fee. However, he has submitted an application to proceed *in forma pauperis* in lieu thereof. (Docket No. 2).

Although the plaintiff's application to proceed *in forma pauperis* has been notarized, the application is defective because the application is incomplete[1] **and** the plaintiff has not provided a certified copy of his inmate trust fund account statement for the six (6) month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2).

The Clerk shall make a copy of the plaintiff's application (Docket No. 2) for the court's record and return the original application to the plaintiff so that the plaintiff can complete the application. The plaintiff shall submit to the court within thirty (30) days of the date of service of

---

[1] Although the application has been notarized, the Certificate portion of the application has not been completed properly. (Docket No. 2 at p. 3). There is no signature by an authorized officer of the institution and no sum indicated for the amount in plaintiff's inmate trust fund account. (*Id*.) Thus, the court cannot determine how much money, if any, the plaintiff retains in an inmate trust fund account.

1

this order **either** a properly completed application to proceed *in forma pauperis* and a certified copy of his inmate trust fund account statement for the six (6) month period immediately preceding the date that he receives this order, **or** the full four hundred dollar ($400.00) civil filing fee.

The plaintiff is forewarned that if he does not comply with this order within the 30-day time frame specified, the court is required under the law to presume that he is not a pauper, assess the full amount of the filing fee, and dismiss the action for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the plaintiff's case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite subsequent payment of the filing fee or correction of any documentary deficiency. *Id*.

An extension of time to comply with this order may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge