UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CHARLES E. MAY,** ) | |
| ) | |
| **Plaintiff,** ) | No. 3:14-cv–01247 |
| ) | Judge Trauger |
| **v.** ) | |
| ) | |
| **RUTHERFORD COUNTY** ) | |
| **ADULT DETENTION CENTER** ) | |
| **and ROBERT ARNOLD, Sheriff,** ) | |
| ) | |
| **Defendants.** ) | |

**O R D E R**

Plaintiff Charles E. May (#469371), while an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed a *pro se* complaint alleging civil rights violations under 42 U.S.C. § 1983. (Docket No. 1).

On June 5, 2014, the court entered a deficiency order alerting the plaintiff that his lawsuit could not proceed without further action on his part. (Docket No. 3). The court directed the plaintiff to submit to the court within thirty (30) days of the date he received the court's order **either** a properly completed application to proceed *in forma pauperis* and a certified copy of his inmate trust fund account statement for the six (6) month period immediately preceding the date that he receives this order, **or** the full four hundred dollar ($400.00) civil filing fee. (*Id.*)

To date, the plaintiff has not submitted a properly completed application to proceed *in forma pauperis*, a certified copy of his inmate trust fund account statement, or the civil filing fee. Neither has the plaintiff requested an extension of time within which to comply with the court's prior order. The docket sheet reflects that the Clerk's Office mailed a copy of the court's order to the plaintiff on June 5, 2014, at the mailing address provided by the plaintiff to the court. (Docket No. 3). The

1

docket sheet further reflects that the court's order was returned to the court marked "Undeliverable" on June 12, 2014 (Docket No. 6), and "Return to Sender – Released– Refused" on June 16, 2014 (Docket No. 7). Thus, it appears that the plaintiff has been released from custody and has failed to inform the court of his current whereabouts.

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

This action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Fed. R. Civ. P. 41(b). The plaintiff's application to proceed *in forma pauperis* (Docket No. 2) is **DENIED**.

Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full five hundred and five dollars ($505.00) appellate filing fee, or submit an application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six (6) month period. 28 U.S.C. §§ 1915(a)(1) & (a)(2).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge